UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOKESH B. VUYYURU**,<br><br>Plaintiff,<br><br>v.<br><br>**BANK OF NORTH AMERICA, INC. et al.**,<br><br>Defendants. | Case No. 1:21-cv-762 (TNM) |

## MEMORANDUM OPINION

Lokesh B. Vuyyuru brought this suit alleging Defendants acted unlawfully throughout a 2016 foreclosure on his Virginia property. Defendants now move to dismiss Vuyyuru's claims. Virginia Capital Realty (VCR) says the Court lacks personal jurisdiction over it; the remaining Defendants argue Vuyyuru's claims are time-barred or must fail on their merits. Reviewing the relevant pleadings, legal memoranda, and limited jurisdictional evidence, the Court will grant Defendants' motions and dismiss this case.

### I.

In 2000, Vuyyuru bought a home and real property in Chester, Virginia. Sec. Amend. Compl. (SAC) ¶ 11. A few years later, he obtained a home equity loan from Bank of America, N.A. (BANA), for $265,988, secured by the same property. *See* BANA Mot. to Dismiss, Ex. D (Deed of Trust), ECF No. 39-5.[1] BANA assigned its interest in the loan to U.S. Bank Trust,

---

[1] The Court takes judicial notice of public records related to these proceedings, including records of the disputed loan and foreclosure. *See Fuentes-Fernandez & Co., PSC v. Caballero & Castellanos, PL*, 770 F. Supp. 2d 277, 281 n.6 (D.D.C. 2011) ("[W]hen evaluating a motion to dismiss, the Court may consider the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record." (cleaned up)).

N.A.  *Id.*, Ex. E (Assignment), ECF No. 39-6.  By 2009, Vuyyuru was experiencing financial difficulties and stopped making loan payments.  *See* SAC ¶ 16.  Vuyyuru says he then sought loan modification and voluntary pay-down to no avail.  *Id.* ¶ 17–20.  The property was ultimately sold in foreclosure in January 2016.  SAC ¶ 31; BANA MTD, Ex. F (documentation of sale), ECF No. 39-7.

Vuyyuru then began a long and unsuccessful legal campaign to redress purported injuries arising out of the foreclosure sale.  *See, e.g.*, *Vuyyuru v. Wells Fargo Bank, N.A.*, No. 3:15-CV-598-HEH, 2016 WL 356087 (E.D. Va. Jan. 28, 2016); *Vuyyuru v. Bank of Am., N.A.*, No. 3:16-CV-638-HEH, 2017 WL 1740020 (E.D. Va. May 3, 2017); *Vuyyuru v. Bank of Am., N.A.*, No. 3:18-CV-451-HEH, 2019 WL 2997390 (E.D. Va. July 9, 2019).  Now, five years after the disputed foreclosure, Vuyyuru seeks relief in this Court.  He alleges violations of the Real Estate Settlement Procedures Act (RESPA) (Count One); the Truth in Lending Act (TILA) (Count Two); state-law breach of contract (Count Three); and finally, state-law civil theft/conversion (Count Four).  SAC ¶ 47–74.

The Defendants move to dismiss the Second Amended Complaint.  VCR argues the Court lacks personal jurisdiction over any claims related to it because "Plaintiff does not allege any connection between alleged acts or omissions by VCR . . . and the District."  VCR Mem. in Supp. of Mot. to Dismiss (VCR MTD) 6, ECF No. 37-1.  BANA, on behalf of U.S. Bank, LSF9 Master Participation Trust, Inc., and Caliber Home Loans, says Vuyyuru's claims are time-barred, and in any case fail on the merits.  *See* BANA Mem. in Supp. of MTD (BANA MTD) 2–3, ECF No. 39-1.

The motions are now ripe.[2]

## II.

A complaint must contain a "short and plain statement" of the "grounds for the court's jurisdiction," as well as a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A litigant may move to dismiss a complaint for failure to satisfy either of these standards. *See id.* 12(b)(2), (6).

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only establish "a factual basis for the Court's exercise of personal jurisdiction over the defendant." *Bazarian Int'l Fin. Assocs., LLC, v. Desarrollos Aerohotelco, C.A.*, 186 F. Supp. 3d 1, 8 (D.D.C. 2016). In assessing whether Plaintiff has carried that burden, the Court will take well-pled factual allegations as true, *see Walden v. Fiore*, 571 U.S. 277, 281 n.2 (2014), and may consider factual material outside the pleadings without converting the motion to one for summary judgment, *see Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).[3]

To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] The Court has subject matter jurisdiction. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."); 28 U.S.C. § 1331.

[3] The Court allowed Vuyyuru to take limited jurisdictional discovery on the issue of personal jurisdiction. *See* ECF No. 46 (Order Granting Mot. for Limited Discovery). VCR argues that following such discovery, Plaintiff must prove any jurisdictional allegations by a preponderance of the evidence. *See* Def.'s Supp. Br. 1, ECF No. 56 (citing *Jung v. Assoc. of Am. Med. Colleges*, 300 F. Supp. 2d 119, 127–28 (D.D.C. 2004)). Because Vuyyuru's jurisdictional allegations fail under any standard, the Court will not address whether a heightened standard applies.

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And while a complaint need not contain "detailed factual allegations," it must offer more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Because Vuyyuru is *pro se*, the Court will construe his pleadings liberally and read his various filings altogether. *See Yellen v. U.S. Bank, Nat'l Ass'n*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018). But he must "still adequately plead [his] complaint consistent with the edicts of *Iqbal* and *Twombly*." *Id.*

### III.

Applying these standards, Vuyyuru's claims must be dismissed. Even after taking limited jurisdictional discovery, he has not shown VCR is subject to this Court's *in personam* jurisdiction. The RESPA and TILA claims are time-barred, and neither statutory nor equitable tolling can save them. The Court declines supplemental jurisdiction over the remaining state-law claims.

### A.

For starters, consider personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (authorizing courts to dismiss on personal jurisdiction grounds before considering subject matter jurisdiction because "there is no unyielding jurisdictional hierarchy").

The Federal Rules say proper service establishes personal jurisdiction over a defendant when the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district is located." Fed. R. Civ. P. 4(k)(1)(A). Applying that rule here, D.C. law controls whether Vuyyuru may hale VCR into this Court. *See Edmond v. U.S. Postal Serv. Gen. Couns.*, 949 F.2d 415, 424 (D.C. Cir. 1991) ("Even though subject-matter jurisdiction is here predicated upon a federal question, [Plaintiffs] must rely on D.C. law to sue nonresident

defendants, since no federal long-arm statute applies."). The District's long-arm statute in turn authorizes courts to exercise jurisdiction over an entity "transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1); *see also id.* § 13-423(a)(2)–(7) (listing other grounds for exercising personal jurisdiction).[4] But where "jurisdiction over a person is based solely upon [D.C.'s long-arm statute], only a claim for relief *arising from acts enumerated in this section* may be asserted against him." *Id.* § 13-423(b) (emphasis added).

Even if a defendant's conduct satisfies the terms of a long-arm statute, the Due Process Clause restricts *in personam* jurisdiction. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). "[A] tribunal's authority depends on the defendant's having such 'contacts' with the forum state that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)).

The kind of "contacts" that satisfy the *International Shoe* standard fall into two categories: general jurisdiction and specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction attaches where a business has contacts so "continuous and systematic" as to "render them essentially at home in the forum state." *Id.* (quoting *Int'l Shoe*, 326 U.S. at 317). Specific jurisdiction, by contrast requires an "affiliation between the forum and the underlying controversy." *Id.* (cleaned up). As to this latter class, a court may adjudicate only claims that "arise out of or relate to the

---

[4] Plaintiff does not specifically identify which provision of the long-arm statute applies here, but based on his factual allegations, § 13-423(a)(1) appears to be the most directly on-point.

defendant's contacts" with the forum. *Bristol-Meyers Squibb, Co. v. Superior Ct.*, 137 S. Ct. 1773, 1780 (2017) (cleaned up).[5]

Here, the jurisdictional evidence shows VCR is incorporated in Virginia and the sole member of its LLC resides there. *See* Decl. of Kevin Kirwan ¶ 3, ECF No. 37-2. The company has its principal office in Richmond and a satellite office in Williamsburg. *Id.* ¶ 4. VCR's representative says it does not own property in the District, have employees in the District, do business in the District, or maintain a license to represent buyers and sellers in real estate transactions in the District. *Id.* ¶¶ 5–8.

Undeterred, Vuyyuru points to VCR's other connections to the District to establish this Court's specific jurisdiction. Those contacts are as follows:

- VCR's agents have referred customers to real estate companies in the District in exchange for a referral fee at least twice (including the Plaintiff after this litigation began);
- VCR does business with Fannie Mae, an entity headquartered in the District;
- VCR "does extensive transactions all over [the] United States of America"; and
- it is "undisclosed whether [VCR's agent] took all Plaintiffs [sic] looted sensitive legal documents of various natures, various expensive house contents, thousands of medical records and more than one million dollars' worth of medical equipment to Washington, D.C. or somewhere else."

*See* Pl.'s Supp. Br. 1–6, ECF No. 54.

Those facts do not establish specific jurisdiction over VCR. To start, VCR's limited referrals to D.C.-based companies are precisely the kind of "random, isolated, or fortuitous" contacts the Supreme Court has said cannot support personal jurisdiction. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). And even if they could, Plaintiff has not alleged his claims "arise out of or relate to" those referrals. *Bristol-Meyers Squibb, Co.*, 137 S. Ct. at 1780;

---

[5] Vuyyuru does not argue that Defendant VCR is subject to general jurisdiction in the District, nor could he given the factual allegations and discovery evidence.

*cf.* D.C. Code § 13-423(b) (limiting long-arm statute to a "claim for relief arising from acts" that establish defendant's contacts with the District).  The mere fact that VCR has D.C.-based clients is likewise immaterial— "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Bristol-Meyers Squibb, Co. v. Superior Ct.*, 137 S. Ct. 1773, 1781 (2017).  Finally, Vuyyuru's speculation that VCR (or its agents) may have taken his property to the District is just that:  speculation.  *See First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988) ("Conclusory statements . . . do not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction.").

Without more, it would contravene the Due Process Clause and the text of the District's long-arm statute to exercise *in personam* jurisdiction as to VCR.  The Court thus will dismiss Vuyyuru's claims against VCR.

**B.**

Now consider the RESPA and TILA claims.  BANA and the remaining Defendants argue those claims must be dismissed as untimely.  The Court agrees.

No one disputes the applicable statutes of limitation.  Vuyyuru's operative complaint alleges Defendants violated 12 C.F.R. § 1024.41—one of RESPA's implementing regulations—by failing to properly review and process his loss-mitigation application.  *See* SAC ⁋ 48.  Aggrieved borrowers may enforce the requirements in § 1024.41, *see* 12 U.S.C. § 2605(f)(1), but must do so "within 3 years . . . from the date of the occurrence of the violation," *id.* § 2614.[6]

---

[6] The D.C. Circuit has said RESPA's limitations period is jurisdictional.  *See Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1039–41 (D.C. Cir. 1986).  But, as several courts of appeals have recognized, the Supreme Court may have implicitly overruled that holding.  *See Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 546 (4th Cir. 2019) (noting the Supreme Court has recently "established a clear statement rule for determining whether procedural rules, including time bars, are jurisdictional" and reevaluating *Hardin* given that rule).  Fortunately, this dispute has little effect on the Court's judgment here—whether jurisdictional or not, a time-barred claim must be

Vuyyuru also alleges Defendants violated TILA by charging him excess fees without explanation, *see* 15 U.S.C. § 1639, and by failing to credit him surplus proceeds from the foreclosure sale, *see* 15 U.S.C. § 1639f(a). *See* SAC ¶¶ 58–61. TILA claims like those are "subject to a one-year statute of limitations period." *Blue v. Fremont Inv. & Loan*, 562 F. Supp. 2d 33, 43 (D.D.C. 2008); 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation.").

Likewise, no one disputes that Vuyyuru sued well-outside those limitation periods, whether the relevant "violation[s]" accrued when the foreclosure sale closed in January 2016 or at some point earlier. Vuyyuru argues instead that tolling—under equitable principles or Virginia state law—makes his claims timely. *See* SAC ¶¶ 75–92. Neither helps him.

*First*, Vuyyuru has not alleged facts entitling him to equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Supreme Court has emphasized that a plaintiff must satisfy both prongs to warrant equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255–56 (2016). And to satisfy the second prong a litigant must show "the circumstances that caused [his] delay are both extraordinary *and* beyond [his] control." *Id.* at 257 (emphasis in original).

Even if Vuyyuru has pursued his rights diligently, he has not shown that some impediment beyond his control prevented him from filing earlier. In support of tolling the TILA limitations period, Vuyyuru notes that "Defendants have not to this day provided [him] an

---

dismissed. The only difference would be that equitable tolling is unavailable for a jurisdictional time-bar. So the Court assumes without deciding that tolling is available for Vuyyuru's RESPA claim.

accounting for the proceeds of the foreclosure sale." SAC ¶ 84. But "[i]n this circuit, [a] violation of TILA occurs no later than the date of settlement of any loan for which required disclosures have not been made." *Lawson v. Nationwide Mortg. Corp.*, 628 F. Supp. 804, 807 (D.D.C. 1986). So the Defendants' continued nondisclosure does not affect when the TILA violation accrued, nor whether Vuyyuru could have pressed his claims earlier.

The same goes for RESPA. Vuyyuru says tolling should apply to that claim because "Defendants have not to this day provided [him] a written response to his loan modification application that indicated whether it was approved, denied, found incomplete, or warranted an offer of some kind of loan modification." SAC ¶ 86. But just like TILA, the "[d]ate of the occurrence in § 2614 [RESPA's limitation's provision] refers to the date of the closing." *Harris v. CitiMorgage, Inc.*, 878 F. Supp. 2d 154, 162 (D.D.C. 2012). Vuyyuru thus could have pressed his claim shortly after the foreclosure, irrespective of Defendants' alleged failure to respond to his loan modification request.

Because Vuyyuru has not shown a circumstance beyond his control that prevented his filing, he is not entitled to equitable tolling. *See Menominee Indian Tribe*, 577 U.S. at 255–56.

*Second,* Virginia's statutory tolling provision, Va. Code § 8.01-229, cannot save Vuyyuru's untimely RESPA and TILA claims. Of course, "when a federal statute is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 116 (2013). But "where there is no need to borrow a state statute of limitations there is no need to borrow concomitant state tolling rules." *Id.*; *see also Beck v. Caterpillar, Inc.*, 50 F.3d 405, 406–07 (7th Cir. 1995) ("When the timeliness of a federal cause of action is measured by a state statute of limitations, it only makes sense to apply the state's tolling and savings provisions, for they are interrelated. The same

cannot be said when the federal claim in question is governed by a federal statute of limitations, as it is in the present case."). Here, there is a straightforwardly applicable federal limitations period for both federal claims; there is thus "no need to borrow" Virginia's tolling provision. *Heimeshoff*, 571 U.S. at 116.

In sum, Vuyyuru's RESPA and TILA claims are untimely. No tolling doctrines apply to make those otherwise-barred claims timely, so they must be dismissed.

### C.

That leaves the breach of contract and conversion claims. District courts may exercise supplemental jurisdiction over state-law claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction. 28 U.S.C. § 1367(a). But they may "decline to exercise supplemental jurisdiction over such claims if the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3) (cleaned up). The Supreme Court has made clear that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (noting the *Gibbs* rule is not mandatory).

Here, the federal claims over which this Court had original jurisdiction will be dismissed. Judicial comity thus supports dismissing Vuyyuru's state-law breach of contract and conversion claims—after all, Virginia's courts are better situated to apply Virginia tolling provisions and substantive law. *See Adler v. Loyd,* 496 F. Supp. 3d 269, 283 (D.D.C. 2020); c*f. Gibbs*, 383 U.S. at 726 ("needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law").

## IV.

For these reasons, Vuyyuru's claims against VCR will be dismissed for lack of personal jurisdiction. The RESPA and TILA claims are time-barred and will be dismissed as well. The Court declines to exercise supplemental jurisdiction; the remaining state-law claims will be dismissed without prejudice.


Dated: April 14, 2022                                              TREVOR N. McFADDEN, U.S.D.J.